# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket Nos. 138-8-10 Vtec |
| | 1-1-11 Vtec |

| Wood NOV and Permit Applications |
|---|
| Town of Hartford v Wood |

## ENTRY REGARDING MOTION

Title:      Motion to Clarify (Motion 10)
Filer:      Susan Wood
Attorney:   W. Scott Fewell
Filed Date: September 15, 2014

No response filed

**The motion is GRANTED**.

The present matter relates to zoning violations at the property of Marc and Susan Wood in the Town of Hartford, Vermont ("Town"). This Court decided the above captioned dockets in a March 27, 2012 Corrected Decision and Judgment Order. That decision was affirmed by the Vermont Supreme Court on June 14, 2013.

In May of 2014, the Town filed a Motion to Enforce this Court's March 27, 2012 Corrected Judgment Order and find Mr. and Mrs. Wood in Contempt. The Court concluded that Mr. and Mrs. Wood had failed to comply with the Court's Corrected Judgment Order and that while Mr. Wood had paid the principal of the fine assessed against him, he had failed to pay the Town the interest that had accrued. The Court therefore granted the Town's motion "conclud[ing] that both Defendants [were] in **CONTEMPT**, and direct[ing] that they immediately satisfy their obligations under our Corrected Judgment Order." In re Wood NOV and Permit Applications, No. 138-8-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 12, 2014) (Durkin, J.).

More specifically, we ordered that Mr. and Mrs. Wood do the following four things to come into compliance with this Court's final judgment:

1. Pay to the Town of Hartford the sum of $10,664.76;

2. Provide a full copy of this Court's March 27, 2012 Corrected Merits Decision **and** Judgment Order to their engineers, Souhegan Valley Engineers, Inc., as well as a copy of the Court's Order;

3. Authorize their engineers to speak with any officials designated by the Town, so that the Town may confirm that Defendants' directives conform with this Court's Orders;

4. Fulfill the remaining injunctive provisions of this Court's March 27, 2012 Corrected Judgment Order, using **September 12, 2014 as the final deadline** to calculate all remaining deadlines.

Id. at 2.

Item 1 of the list was the amount of interest that had accrued on the judgment against Mr. Wood, which had not been paid to the Town. Because the underlying fine was against Mr. Wood only and not Mrs. Wood, Mrs. Wood now seeks clarification that directive 1 in our August 12, 2014 Entry Order relates only to Mr. Wood and that Mrs. Wood is not required to pay the interest on the Judgment, as it was not against her.

We **GRANT** Mrs. Wood's Motion to Clarify and make clear that the August 12, 2014 Entry Order was not intended to alter the obligations of the parties, only to enforce the Court's March 27, 2012 Corrected Judgment Order and require that both Mr. and Mrs. Wood comply with their obligations under that Order.[1]

Electronically signed on March 06, 2015 at Brattleboro, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
William F. Ellis (ERN 3412) and Kimberlee J. Sturtevant, Attorneys for Plaintiff Town of Hartford
Defendant Marc Wood
W. Scott Fewell (ERN 3414), Attorney for Defendant Susan Wood

---

[1] Mr. Wood also filed a motion to reconsider and clarify the Court's August 12, 2014 Entry Order. The Court understands that the Town will be filing a response to that motion by March 13. The Court will thereafter address Mr. Wood's motion and any outstanding legal issues.